IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| INA GROUP, LLC, | ) | CASE NO. 1:14-cv-01190 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| | ) | |
| UNKNOWN HEIRS OF SANDRA LEE | ) | |
| SKRLJ a.k.a. SANDRA SZUCH, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | | |

This matter comes before the Court on counter-claimant and cross-claimant United States of America's ("USA") Superceding Motion for Summary Judgment filed on May 4, 2015.[1] (ECF No. 52.) The USA moves the Court pursuant to Federal Rule of Civil Procedure 56 and seeks the foreclosure of its federal tax liens against the real property located at 32200 Meadowlark Way, Pepper Pike, Ohio. *Id*. No party has opposed the motion, and default judgment has been entered against cross-defendants Gene Szuch, individually, and Gene Szuch as the Fiduciary of the Estate of Sandra Lee Skrlj (a.k.a. Sandra Szuch). (ECF No. 55.)

---

[1] This motion supercedes the previous motion for summary judgment (ECF No. 45), which was partially opposed by Plaintiff INA Group, LLC. (ECF No. 46.)

## I. Summary Judgment Standard

Federal Rule of Civil Procedure 56 governs summary judgment motions and states:

(a) A party may move for summary judgment, identifying each claim or defense or the part of each claim or defense on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

\* \* \*

(c) Procedures.

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

In considering summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,

322 (1986). Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989)(*citing Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record which create a genuine issue of material fact. *Fulson v. City of Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992). The non-movant must show more than a scintilla of evidence to overcome summary judgment; it is not enough for the non-moving party to show that there is some metaphysical doubt as to material facts. *Id*. The non-moving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257.

In other words, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). When ruling on a motion for summary judgment, "a judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'" *Anderson*, 477 U.S. at 252 (citations omitted); *accord Fuller v. Landmark 4 LLC*, 2012 WL 1941792 (N.D. Ohio May 29, 2012). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter ...." *Anderson*, 477 U.S. at 249. "It is an error for the district court to resolve credibility issues against the nonmovant." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008) ("In effect, any

3

direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. The district court errs by granting summary judgment for the defendant where issues of credibility are determinative of the case.") (citations omitted).

## II. Factual Summary

In support of its motion, the USA submits the following facts, undisputed by any party to this action:

1. On November 5, 1971, Sandra Lee Skrlj acquired title to the real property located at 32200 Meadowlark Way, Pepper Pike, Ohio ("32200 Meadowlark Way"). (ECF No. 45-1.) Sandra Lee Skrlj died on July 15, 2011. (ECF No. 18-1, Exh. A.) Sandra Lee Skrlj, later known as Sandra Lee Szuch after her marriage to Gene Szuch, had record title to the real property at 32200 Meadowlark Way at the time of her death. (ECF No. 1-1, at 22.)

2. On August 24, 2000, Sandra Szuch, Gene Szuch, and others executed a Term Note Agreement in favor of Independence Bank in the amount of $250,000. ECF No. 8-1, Exh. 1.) The note matured on August 24, 2005. *Id.* The indebtedness to Independence Bank was secured by mortgages on two properties, including 32200 Meadowlark Way. *Id.* The mortgage was recorded with the Cuyahoga County Recorder on August 29, 2000, and included a provision by which Gene Szuch relinquished his dower rights in the property to Independence Bank. (ECF No. 8-1, Exh. 3.) On August 1, 2007, Sandra Szuch, Gene Szuch, and her co-obligors on the August 24, 2000 note entered into a Forbearance Agreement with Independence Bank, modifying the August 24, 2004 note. (ECF No. 8-1, Exh. 2.)

3. In the first half of 2001, the Internal Revenue Service ("IRS") made trust fund recovery penalty assessments, and made demand for payment, against Sandra Szuch for the periods ending December 31, 1999 and September 30, 2000, on the dates and in the amounts stated, and the balances due for the trust fund recovery penalties for those periods, with accruals computed to February 28, 2015, are as follows:

| Period | Date of Assessment | Assessment Amount | Balance Due as of February 28, 2015 |
|---|---|---|---|
| 12/1999 | 2/12/2001 | $115,157.39 | $143,803.82 |
| 09/2000 | 5/21/2001 | $25,372.26 | -- |

| | | | |
|---|---|---|---|
| 09/2000 | 5/28/2001 | $204,839.87 | -- |
| 09/2000 | 6/04/2001 | $1,009,086.21 | $1,509,578.68 |

(ECF No. 45-2, Exh. 2, Declaration of Revenue Officer David W. Ross.)[2]

4. On September 20, 2001, the State of Ohio recorded with the Cuyahoga County Recorder the first of many judgment liens for state taxes. (ECF No. 1-1 at 26, Schedule B to INA Group, LLC's Amended Complaint.)

5. On March 19, 2002, the IRS recorded with the Cuyahoga County Recorder a notice of federal tax lien for the assessments set forth in paragraph 3, *supra*. (ECF No. 30-2, Exh. 2.) On February 10, 2011, the IRS re-filed the notice of federal tax lien for the same assessments. (ECF No. 30-3, Exh. 3.)

6. On May 23, 2008, the predecessor in interest to INA Group, LLC   Aeon Financial, LLC   purchased tax certificate B2008-1-2591 relating to unpaid 2006 real property taxes for 32200 Meadowlark Way. On September 26, 2008, INA Group, LLC purchased tax certificate S2008-1-49 relating to unpaid 2007 real property taxes for 32200 Meadowlark Way; and, on April 20, 2011, INA Group, LLC purchased tax certificate S2011-1-5 relating to unpaid 2008 and 2009 real property taxes for 32200 Meadowlark Way. (ECF No. 1-1 at 10-18, Exh. A to INA Group, LLC's Amended Complaint.)

7. On April 28, 2011, INA Group, LLC filed a Notice of Intent to Foreclose with the Treasurer of Cuyahoga County with respect to tax certificate B2008-1-2591. (ECF No. 1-1 at 20, Exh. B.) On May 19, 2011, INA Group, LLC commenced a foreclosure suit in state court, which was dismissed without prejudice on July 14, 2011.[3] (ECF No. 1-1 at ¶7.)

8. Cuyahoga County alleges real property taxes and other charges may be owing against 32200 Meadowlark Way. (ECF No. 12, Answer of Cuyahoga County Treasurer.)

9. Default judgment has been entered against Gene Szuch personally and as representative of the estate of Sandra Lee Skrlj with respect to the United

---

[2] The exhibit attached to the superceding motion is incomplete (ECF No. 52-1, Exh. 1)), but was attached in what appears to be its entirety to the original summary judgment motion. (ECF No. 45-2, Exh. 2.)

[3] The Court verified the filing and dismissal on the Cuyahoga County Court of Common Pleas' online docket. The state court case number was CV-11-755676.

    States' cross-claim. (ECF Nos. 42 & 55.)

10. The USA and INA Group, LLC disputed whether INA Group, LLC's earliest tax certificate had expired before this litigation began. That dispute has been resolved by a settlement. (ECF No. 52-2, Exh. 2) The two parties agree that INA Group, LLC should receive $9,072.77 from the proceeds of the sale of Tax Certificate No. B2008-1-2591. *Id*.

### III. Analysis

Based on the evidence above, the Court finds that no genuine issues of material fact exist and that the USA has valid and subsisting federal tax liens against the real property belonging to Sandra Szuch at the time of her death, specifically the real property located at 32200 Meadowlark Way, Pepper Pike, Ohio ("32200 Meadowlark Way," or the "Property"). Its legal description is as follows:

> Situated in the City of Pepper Pike, County of Cuyahoga and State of Ohio and known as being Sublot 41 in Landerwood Estates Subdivision No. 8 of part of Original Orange Township Lot No. 58, Tract No. 1, and Lots Nos. 5 and 7, Tract No. 2, as shown by the recorded plat in Volume 195, page 64 of Cuyahoga County Records, and being 138.44 feet on the Southwesterly side of Meadowlark Way and extending back 437.82 feet on the Northwesterly line, 436.49 feet on the Southeasterly line, and having a rear line of 79.88 feet, as appears by said plat, be the same more or less, but subject to all legal highways.

(ECF No. 1-1, Schedule A.)

The USA asserts that the following order of priorities applies among the claimants:

1. First, to the expenses of sale;

2. Second, to Treasurer of Cuyahoga County and INA Group, LLC, in amounts to be determined, but INA Group, LLC's recovery on Tax Certificate B2008-1-2591 shall be limited to $9,072.77;

3. Third, to Independence Bank in an amount to be determined for application to the

        indebtedness due and owing under the mortgage recorded August 29, 2000, in accordance with 26 U.S.C. § 6323;

4. Fourth, to the United States of America for satisfaction of the federal tax liabilities due and owing for Sandra Szuch's trust fund recovery penalties for the periods ending December 31, 1999 and September 30, 2000, which, with accruals computed to February 28, 2015, is $1,653,382.50; and

5. Fifth, to the State of Ohio in an amount to be determined.

No party to this action has objected to these priorities. As such, the Court hereby GRANTS the USA's superceding motion for summary judgment.[4] (ECF No. 52.) The federal tax liens are hereby foreclosed against 32200 Meadowlark Way and said property shall be sold by a separate order of the Court.

        IT IS SO ORDERED.

                                      /s/ Greg White
                                      U.S. Magistrate Judge

Date: June 15, 2015

---

[4] The USA's prior motion for summary judgment (ECF No. 45) is deemed moot.